## 20958

The STATE, Respondent, v. Willie Frank GILCHRIST, Appellant.

(255 S. E. (2d) 346)

*Knie & White,* Spartanburg, *for appellant.*

*Asst. Atty. Gen. Sally G. Young,* Columbia, *for respondent.*

May 15, 1979.

Lewis, Chief Justice:

Appellant was arrested in November 1977 for allegedly escaping from the Spartanburg County Jail System approximately eleven (11) years before, on April 12, 1966. He was indicted on January 9, 1978 and tried on February 21, 1978. The trial resulted in his conviction for escape and he was sentenced to imprisonment for a period of six (6) months. He has appealed from that judgment and sentence alleging that he is entitled to a new trial because of the alleged erroneous admission into evidence of a compilation of certain jail records to establish the fact of escape.

At trial the State was allowed to enter into evidence, over appellant's objections, a compilation of the names of several purported escapees. The list of names was designated at the top of the page: "ESCAPEES WANTED BY THIS DEPARTMENT. Bulletin No. 70-02. DATE: 6-29-70." The Bulletin of Wanted persons was signed at the foot of the page by: "Clifford E. Edwards, Asst. Supervisor Spartanburg County Supervisor's Office," immediately under a notation setting forth: "Warrants are on file charging the above named persons with escape. We will extradite (*sic*) any information concerning these wanted persons, please contact this authority."

The foregoing list of wanted persons was not the original record of the jail system, but a list compiled, according to the witness Edwards, by him from the original records. The original records had apparently been discarded. Edwards, who compiled the list, acknowledged that he had no personal knowledge of the alleged 1966 escape and was simply testifying from his compilation made in 1970, approximately four (4) years after the escape.

The sole question presented on appeal concerns the admissibility of the foregoing wanted persons bulletin to establish the fact of escape, the crime for which the bulletin stated appellant was wanted.

The compilation of wanted persons was not an official record. It was simply what it and the compiler said it was, *i. e.*, a *Wanted persons bulletin*. The document was patently inadmissible as hearsay. We know of no authority, and none has been cited, for the proposition now asserted, that a *Wanted persons bulletin* can, upon the apprehension of the wanted person, be used as proof that the wanted person committed the crime for which the bulletin stated he was wanted.

The fact that the witness testified he copied the names of the wanted persons from records purportedly showing that appellant escaped from custody does not render the bulletin

any more admissible. It simpy authenticates its hearsay character.

The judgment is accordingly reversed and the case remanded for a new trial.

LITTLEJOHN, RHODES and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.